UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM TRIMM, JR. and HELEN TRIMM,

                    Plaintiffs,

           v.                                 5:12-CV-1145
                                         (FJS/ATB)

3M COMPANY, formerly known as Minnesota
Mining & Manufacturing Company; 84
LUMBER COMPANY; A.W. CHESTERTON
CO., INC.; ABEX CORPORATION, formerly
known as American Brake Shoe Company;
AIR & LIQUID SYSTEMS CORPORATION,
as successor by merger to Buffalo Pumps, Inc.;
AMERICAN STANDARD, INC., individually
and on behalf of its division The Trane Company;
ARMSTRONG INTERNATIONAL, INC.;
ARVINMERITOR, INC.; BORG WARNER
CORPORATION; CARLISLE COMPANIES
INCORPORATED; CBS CORPORATION,
formerly known as Viacom, Inc., formerly known
as Westinghouse Electric Corporation;
CERTAINTEED CORPORATION;
CLEAVER-BROOKS INC.; CRANE CO.;
CRANE PUMPS & SYSTEMS, INC.; DANA
CORPORATION; DAP PRODUCTS, INC.;
EATON ELECTRICAL, INC., formerly
known as Cutler Hammer; FEDERAL-
MOGUL ASBESTOS PERSONAL INJURY
TRUST, as successor to Felt Products
Manufacturing Co.; FMC CORPORATION,
individually and as Successor to Northern
Pump Company and Coffin; FORD MOTOR
COMPANY; FOSTER WHEELER, LLC;
GARDNER DENVER, INC.; GENERAL
ELECTRIC COMPANY; GENUINE
PARTS COMPANY; GEORGIA-PACIFIC
LLC, formerly known as Georgia-Pacific
Corporation; GOODYEAR TIRE & RUBBER
COMPANY; GOODRICH CORPORATION,
formerly known as B.F. Goodrich Company;
GOULDS PUMPS, INCORPORATED;

**HB SMITH COMPANY INCORPORATED;
HONEYWELL INTERNATIONAL, INC., as
success-in-interest to The Bendix Corporation
formerly known as Alliedsignal, Inc.; HOWDEN
BUFFALO, INC.; IMO INDUSTRIES, INC;
ITT INDUSTRIAL, INC., individually and as
successor-in-interest to Foster Engineering, Inc.;
INGERSOLL-RAND COMPANY; J.H. FRANCE
REFRACTORIES COMPANY; JOHN CRANE,
INC.; KAISER GYPSUM COMPANY, INC.;
KEELER/DORR-OLIVER BOILER COMPANY;
KENTILE FLOORS, INC.; MACK TRUCKS, INC.;
MAREMONT CORPORATION; NATIONAL
AUTOMOTIVE PARTS ASSOCIATION;
NAVISTAR INTERNATIONAL CORPORATION;
PECORA CORP.; REXNORD INDUSTRIES, LLC,
individually and as Successor in Interest to The
Falk Corporation; ROCKWELL AUTOMATION,
INC., formerly known as Rockwell International
Corporation; SPIRAX SARCO, INC.; STANDARD
AUTO PARTS; NASH ENGINEERING COMPANY
(THE); UNION CARBIDE CORPORATION;
VELAN VALVE CORP.; WARREN PUMPS, INC.;
WEIL MCLAIN, a division of The Marley Company;
WHITE'S LUMBER; YARWAY CORPORATION;
CATERPILLAR, INC.; and ROBERT BOSCH
CORPORATION, as successor in interest to Bosch
Braking Systems Corporation,**

                                              **Defendants.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **LEVVY PHILLIPS & KONIGSBERG, LLP**<br>800 Third Avenue<br>New York, New York 10022<br>Attorneys for Plaintiffs | **AMBER R. LONG, ESQ.** |

| | |
|---|---|
| **LAVIN, O'NEIL, RICCI,** **CEDRONE & DISIPIO** One East Main Street Rochester, New York 14614 Attorneys for Defendant 3M Company | **BERNADETTE WEAVER-CATALANA, ESQ.** |
| **BARRY MCTIERNAN & MOORE** 2 Rector Street New York, New York 10006 Attorneys for Defendants 84 Lumber Company and John Crane, Inc. | **WILLIAM A. COONEY, ESQ.** |
| **BROWN & KELLY, LLP** 424 Main Street Buffalo, New York 14202 Attorneys for Defendant Air & Liquid Systems Corporation | **KENNETH A. KRAJEWSKI, ESQ.** |
| **KASOWITZ, BENSON, TORRES & FRIEDMAN LLP** 1633 Broadway New York, New York 10019 Attorneys for Defendants Arvinmeritor, Inc. and Maremont Corporation | **PEGGY L. PAN, ESQ.** |
| **DONOHUE, SABO, VARLEY & HUTTNER, LLP** 24 Aviation Road P.O. Box 15056 Albany, New York 12212-5056 Attorneys for Defendant Borg Warner Corporation | **BRUCE S. HUTTNER, ESQ.** |
| **WARD GREENBERG HELLER & REIDY LLP** 300 State Street Rochester, New York 14614 Attorneys for Defendants Carlisle Companies Incorporated and Georgia-Pacific LLC | **THOMAS E. REIDY, ESQ.** **DANIEL P. PURCELL, ESQ.** |

| | |
|---|---|
| **DARGER ERRANTE YAVITZ & BLAU LLP**<br>116 East 27th Street<br>New York, New York 10016<br>Attorneys for Defendants<br>Certainteed Corporation,<br>Dana Corporation and Union<br>Carbide Corporation | JUDITH A. YAVITZ, ESQ. |
| **MACKENZIE HUGHES LLP**<br>101 South Salina Street<br>Suite 600<br>Syracuse, New York 13202-4967<br>Attorneys for Defendant<br>Cleaver-Brooks Inc. | STEPHEN S. DAVIE, ESQ. |
| **K & L GATES LLP**<br>599 Lexington Avenue<br>New York, New York 10020-6030<br>Attorneys for Defendants<br>Crane Co. and Crane Pumps &<br>Systems, Inc. | ANGELA DIGIGLIO, ESQ.<br>NICOLE M. KOZIN, ESQ. |
| **MCGIVNEY & KLUGER, P.C.**<br>AXA Tower - 1<br>100 Madison Street, Suite 1640<br>Syracuse, New York 13202<br>Attorneys for Defendants DAP<br>Products, Inc., Pecora Corp., and<br>Rexnord Industries, LLC | ERIC M. GERNANT, II, ESQ. |
| **GOLDBERG SEGALLA LLP**<br>665 Main Street, Suite 400<br>Buffalo, New York 14203-1425<br>Attorneys for Defendants Eaton<br>Electrical, Inc., Gould Pumps, Inc.<br>and Howden Buffalo, Inc. | SUSAN E. VAN GELDER, ESQ. |

| | |
|---|---|
| **WILSON, ELSER,** **MOSKOWITZ, EDELMAN & DICKER LLP** 150 East 42nd Street New York, New York 10017-5639 Attorneys for Defendant Federal-Mogul Asbestos Personal Injury Trust | JULIE R. EVANS, ESQ. |
| **GIBSON, MCASKILL & CROSBY, LLP** Chemical Bank Building, Suite 900 69 Delaware Avenue Buffalo, New York 14202-3866 Attorneys for Defendant Ford Motor Company | CHARLES C. BRIDGE, ESQ. PAULETTE E. ROSS, ESQ. |
| **SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD** 850 Third Avenue, Suite 1100 New York, New York 10022 Attorneys for Defendant Gardner Denver, Inc. | KATRINA H. MURPHY, ESQ. |
| **DAMON MOREY LLP** 200 Delaware Avenue, 12th Floor Buffalo, New York 14202-2150 Attorneys for Defendants Genuine Parts Company and National Automotive Parts Association | CAROL G. SNIDER, ESQ. |
| **PHILLIPS LYTLE LLP** 3400 HSBC Center Buffalo, New York 14203-2887 Attorneys for Defendant Goodyear Tire & Rubber Company | MARY JO HERRSCHER, ESQ. |
| **SMITH, STRATTON, WISE, HEHER & BRENNAN, LLP** 100 Park Avenue, Suite 1600 New York, New York 10017 Attorneys for Defendant Goodrich Corporation | PATRICK J. DWYER, ESQ. |

| | |
|---|---|
| **MARIN GOODMAN, LLP**<br>500 Mamaroneck Avenue<br>Suite 501<br>Harrison, New York 10528<br>Attorneys for Defendant Keeler/<br>Door-Oliver Boiler Company | RICHARD P. MARIN, ESQ. |
| **TREVETT CRISTO SALZER<br>& ANDOLINA P.C.**<br>Two State Street, Suite 1000<br>Rochester, New York 14614<br>Attorneys for Defendant Mack<br>Trucks, Inc. | VALERIE L. BARBIC, ESQ. |
| **OFFICE OF DONALD A. W.<br>SMITH, PC**<br>125 Sully's Trail, Suite 7<br>Pittsford, New York 14534<br>Attorneys for Defendant Navistar<br>International Corporation | DONALD A. W. SMITH, ESQ. |
| **MCELROY, DEUTSCH<br>MULVANEY & CARPENTER, LLP**<br>1300 Mount Kemble Avenue<br>P.O. Box 2075<br>Morristown, New Jersey 07962-2075<br>Attorneys for Defendant Rockwell<br>Automation, Inc. | JOSEPH P. LASALA, ESQ. |
| **BOUVIER PARTNERSHIP, LLP**<br>Main Place Tower, Suite 1400<br>350 Main Street<br>Buffalo, New York 14202-3714<br>Attorneys for Defendant Spirax<br>Sarco, Inc. | PAULA M. EADE-NEWCOMB, ESQ. |
| **MCCARTER & ENGLISH, LLP**<br>245 Park Avenue, 27th Floor<br>New York, New York 10167<br>Attorneys for Defendant Velan<br>Valve Corp. | RICHARD P. O'LEARY, ESQ. |

| | |
|---|---|
| **LEADER & BERKON LLP**<br>630 Third Avenue<br>New York, New York 10017<br>Attorneys for Defendant<br>Warren Pumps, Inc. | AMY ZUMSTEG, ESQ. |
| **HURWITZ & FINE, P.C.**<br>1300 Liberty Building<br>424 Main Street<br>Buffalo, New York 14202<br>Attorneys for Defendant Weil<br>McLain | V. CHRISTOPHER POTENZA, ESQ. |
| **SLYE & BURROWS**<br>104 Washington Street<br>Watertown, New York 13601<br>Attorneys for Defendant<br>White's Lumber | CHRISTINA E. STONE, ESQ. |
| **A.W. CHESTERTON CO., INC.** | NO APPEARANCE |
| **ABEX CORPORATION** | NO APPEARANCE |
| **AMERICAN STANDARD, INC.** | NO APPEARANCE |
| **ARMSTRONG INTERNATIONAL, INC.** | NO APPEARANCE |
| **CBS CORPORATION** | NO APPEARANCE |
| **FMC CORPORATION** | NO APPEARANCE |
| **FOSTER WHEELER, LLC** | NO APPEARANCE |
| **GENERAL ELECTRIC COMPANY** | NO APPEARANCE |
| **HB SMITH COMPANY INCORPORATED** | NO APPEARANCE |
| **HONEYWELL INTERNATIONAL, INC.** | NO APPEARANCE |
| **IMO INDUSTRIES, INC.** | NO APPEARANCE |

| | |
|---|---|
| **ITT INDUSTRIAL, INC.** | **NO APPEARANCE** |
| **INGERSOLL-RAND COMPANY** | **NO APPEARANCE** |
| **J.H. FRANCE REFRACTORIES COMPANY** | **NO APPEARANCE** |
| **KAISER GYPSUM COMPANY, INC.** | **NO APPEARANCE** |
| **KENTILE FLOORS, INC.** | **NO APPEARANCE** |
| **STANDARD AUTO PARTS** | **NO APPEARANCE** |
| **NASH ENGINEERING COMPANY** | **NO APPEARANCE** |
| **YARWAY CORPORATION** | **NO APPEARANCE** |
| **CATERPILLAR, INC.** | **NO APPEARANCE** |
| **ROBERT BOSCH CORPORATION** | **NO APPEARANCE** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Plaintiffs' motion to remand this case to New York State Supreme Court, County of Onondaga. *See* Dkt. No. 103. None of the remaining Defendants in this case has filed any papers in opposition to this motion.

### II. BACKGROUND

Plaintiffs filed this civil action in New York Supreme Court, County of Onondaga, on March 30, 2012. Defendant Viad Corp. filed a Notice of Removal pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446 on July 13, 2012, on the ground that it intended to invoke a government-

contractor defense that raised a federal question, thereby giving this Court jurisdiction over the entire case pursuant to § 1442. *See* Dkt. No. 1.

Plaintiffs initially moved for remand on procedural grounds, *see* Dkt. No. 33; and Defendant Viad opposed that motion, *see* Dkt. No. 46. Subsequently, Plaintiffs agreed to dismiss Defendant Viad from this case; and Defendant Viad consented to remand of this case back to the state court where it was originally filed. *See* Stipulation of Dismissal, Dkt. No. 103-4; Dkt. No. 103-5, Stipulation of Remand. Shortly thereafter, Plaintiff William Trimm passed away, and his wife was appointed representative of his estate.

### III. DISCUSSION

Defendant Viad removed this action from state court pursuant to 28 U.S.C. § 1442(a)(1), which provides, in pertinent part, as follows:

> (a) A civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office . . . .

28 U.S.C. § 1442(a)(1).

Since § 1442(a)(1) "authorizes removal of the entire case even if only one of the controversies it raises involves a federal officer or agency, the section creates a species of statutorily-mandated supplemental subject-matter jurisdiction." 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice and Procedure*

§ 3726 (4th ed. 2009). Furthermore, even if the claim against the federal party is dismissed after removal, the court does not lose its ancillary jurisdiction over the remaining state claims against the non-federal parties. *See Torres v. CBS News*, 879 F. Supp. 309, 321 (S.D.N.Y. 1995) (quotation and other citation omitted). Thus, as the *Torres* court noted, in such a situation, "it is a matter of this court's discretion whether or not to retain the case . . . ." *Id.*

When deciding whether to retain jurisdiction or to remand, the court should consider "comity, federalism, judicial economy and fairness to the litigants." *Id.* (citations omitted). The *Torres* court concluded that, "[w]hen the federal party is eliminated shortly after removal and there has been 'no substantial commitment of judicial resources' to the remaining state-law claims, remand to the state court is clearly warranted." *Id.* (quotation and other citations omitted).

In this case, it appears that all of the claims in Plaintiffs' second amended complaint are state-law claims. Furthermore, Plaintiffs contend that the parties have taken some depositions in state court and that, prior to removal, Plaintiffs' and Defendants' counsel had agreed in principle to a case management order that would govern the case going forward and were about to send a proposed order to the state court for approval. *See* Dkt. No. 103-1 at 3. On the other hand, all that appears to have occurred in this action since the time of removal is that some of the Defendants have filed Notices of Appearance, Corporate Disclosure Statements, jury demands, and answers to the second amended complaint. Therefore, the Court finds that all the relevant factors weigh in favor of remand.

## IV. CONCLUSION

After reviewing the record in this matter, Plaintiffs' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion to remand this case to New York State Supreme Court, Onondaga County, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall mail a certified copy of this Order to the Clerk of New York State Supreme Court, Onondaga County, as 28 U.S.C. § 1447(c) requires.

**IT IS SO ORDERED.**

Dated: January 23, 2013
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge